UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, L.L.C., | CIVIIL ACTION  NO: 3:18-CV-966 |
| Plaintiff, | |
| v. | |
| ROBERT KLEE, in his official capacity as Commissioner of the CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION, and KATIE SHARF DYKES, JOHN W. BETKOSKI III, and MICHAEL CARON, in their official capacity as Commissioners of the CONNECTICUT PUBLIC UTILITIES REGULATORY AUTHORITY, | |
| Defendants. | June 8, 2018 |

## COMPLAINT

1. This is an action for declaratory relief from Defendants' threatened enforcement of a regulation of the Connecticut Public Utilities Regulatory Authority ("PURA"), requiring the installation of subsurface tape, Conn. Agencies Regs. § 16-345-3(f) (the "Tape Regulation"), above the facility and with a minimum separation of 12 inches between the facility and the tape, along an approximately 8-mile length of Plaintiff's interstate gas pipeline located in Connecticut. PURA's threatened enforcement action is unlawful because application of the Tape Regulation to Plaintiff's interstate pipeline is preempted by the federal Pipeline Safety Act ("PSA"), which provides in relevant part that "[a] State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation." 49 U.S.C. § 60104(c).

## PARTIES

2. Plaintiff Tennessee Gas Pipeline Company, L.L.C. ("Tennessee" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas, and is authorized to transact business in the State of Connecticut. Tennessee is, and has been at all relevant times, engaged in the interstate transportation of natural gas for fuel and heating purposes to a number of customers, including local distribution companies, industrial plants, and electric generating plants. Tennessee has owned and operated its interstate natural gas pipeline system through Connecticut for over fifty years.

3. Defendant Robert Klee is the Commissioner of the Connecticut Department of Energy and Environmental Protection ("DEEP"), and is sued in his official capacity only.

4. Defendants Katie Scharf Dykes, John W. Betkoski III, and Michael Caron are commissioners of PURA, and each is sued in his or her official capacity only.

5. Upon information and belief, all of the Defendants are residents of Connecticut.

6. The offices of Commissioner Klee and DEEP are located in Hartford, Connecticut. The offices of the commissioners of PURA and PURA are located in New Britain, Connecticut.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1337 because it arises under federal law, including the Supremacy Clause of the United States Constitution, U.S. Const., art. VI, § 2 and the PSA.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(a)(1)-(2) because Defendants reside in Connecticut, a substantial part of the events giving rise to this action

occurred in Connecticut, and the portion of Tennessee's interstate pipeline that is the subject of this action is located in Connecticut.

## CLAIM FOR DECLARATORY RELIEF

**Legal Background**

9. The PSA provides for the United States Department of Transportation ("DOT") to establish uniform minimum safety standards for pipeline facilities. *See* 49 U.S.C. §§ 60102-03. Certain State authorities are permitted to establish additional safety standards for *intra*state pipeline facilities but "may not adopt or continue in force safety standards for *inter*state pipeline facilities." *Id.* § 60104(c) (emphasis added).

10. The PSA contains a narrow exception to its broad, express preemption of State regulation of interstate pipeline facilities, providing that "a State authority may enforce a requirement of a one-call notification program of the State if the program meets the requirements for one-call notification programs under this chapter or chapter 61." *Id.* A "one-call notification program" – colloquially referred to as a "Call Before You Dig" program – is a system "that will notify an operator of a pipeline facility of activity in the vicinity of the facility that could threaten the safety of the facility" so that the operator can, in connection with planned excavation or other construction in the vicinity of its existing pipeline facility, make markings on the ground showing the location of the facility prior to such activities. *Id.* § 60114(a).

11. PURA's Tape Regulation, requiring physical subsurface tape above the length of a pipeline, is not a "one-call notification program" requirement because, among other reasons, it plays no role in, much less requires, notification to pipeline operators of excavation or other subsurface disturbance activities or subsequent surface marking of pipeline facilities. As such,

the Tape Regulation is expressly preempted by the PSA to the extent that it purports to regulate interstate pipeline facilities.

12. Neither the PSA nor federal safety standards promulgated thereunder require the installation of subsurface tape above interstate pipelines, including an 8.26 mile pipeline loop from Agawam, Massachusetts to East Granby, Connecticut (the "Connecticut Loop").

**The Tennessee Pipeline**

13. Plaintiff owns and operates the Tennessee Pipeline, an approximately 11,750-mile pipeline system that transports natural gas from Louisiana, the Gulf of Mexico and south Texas to the northeast section of the United States.

14. After extensive scoping and review of, and comment on, environmental and safety issues over multiple years, the Federal Energy Regulatory Commission ("FERC") issued Plaintiff a certificate of public convenience and necessity on March 11, 2016 (the "Certificate Order"), pursuant to the Natural Gas Act, 15 U.S.C. § 717, *et seq.*, authorizing an expansion of the Tennessee Pipeline (the "Project") that included the construction of the Connecticut Loop. In the Certificate Order, FERC specifically reviewed and accepted Tennessee's safety obligations for building and operating the Tennessee Pipeline, finding that Pipeline safety standards are mandated by regulations adopted in 49 C.F.R. Chapter 601 by the federal Pipeline and Hazardous Materials Safety Administration ("PHMSA"), the division of the Department of Transportation responsible for implementing the PSA. FERC held that Tennessee must abide by the DOT safety regulations, that those regulations were protective of public safety, and that DOT had "exclusive authority to promulgate federal safety standards used in the transportation of natural gas."

15.     Over a year later, following additional vetting of the Project and after Tennessee received all applicable federal, state, and local permits, FERC issued Plaintiff a notice to proceed on April 12, 2017, authorizing Plaintiff to commence construction of the Project, including the Connecticut Loop.  Over the following months, Plaintiff constructed the Project, completing construction of the Connecticut Loop in or about November 2017.  The Connecticut Loop is operational.

**The Dispute Concerning Preemption of the Tape Regulation**

16.     In late August 2017, when construction was ongoing, a member of PURA's Gas Pipeline Safety Unit observing the construction advised an employee of Tennessee that Tennessee's construction of the Connecticut Loop might be in violation of the Tape Regulation. Tennessee responded to PURA that the Tape Regulation was a State regulation not required under federal law and preempted by the PSA.

17.     On October 30, 2017, Tennessee sent a letter to PHMSA.  The letter advised PHMSA of PURA's assertion of a potential violation of PURA's Tape Regulation, and reviewed why the Tape Regulation was preempted by the PSA.  A copy of this letter is attached hereto as Exhibit A.

18.     On May 10, 2018, nearly seven months after Tennessee's letter concerning Tennessee's obligations under the PSA, PURA sent a letter to Tennessee, asserting PURA's position that application of its Tape Regulation to the Connecticut Loop was not preempted by the PSA and stating that Tennessee's "claim is without merit."  PURA's letter provided "formal notice that reasonable cause exists to conclude that [Tennessee] is in violation of" the Tape Regulation, and directed Tennessee "to install warning tape in accordance with [the Regulation] or submit a compliance plan detailing the process by which [Tennessee] intends to comply with

the warning tape requirement, by no later than June 10, 2018." PURA advised that failure to comply with this directive "shall result in the initiation of enforcement proceedings and the assessment of civil penalties against" Tennessee. A copy of this letter is attached hereto as Exhibit B.

19. Because the Tape Regulation is preempted by federal law, Tennessee has neither installed tape along the Connecticut Loop nor has it submitted a compliance plan to PURA for such installation. Such installation would require Tennessee to extensively disturb the surface and subsurface above and in the vicinity of the approximately 8 miles of the Connecticut Loop located in Connecticut (almost the entire length of the Connecticut Loop), an interstate transmission pipeline deemed required by the public convenience and necessity by FERC. The installation of the tape would necessitate the excavation of the pipeline right of way in environmentally sensitive and protected areas and disturb previously revegetated and restored areas of the pipeline right of way. Such work may require Tennessee to seek additional permits or modifications to existing permits from federal, state and local authorities prior to proceeding with the work. The installation would also result in substantial construction costs.

20. There is an actual and continuing controversy between Plaintiff and Defendants concerning whether Plaintiff is obligated to install tape along approximately 8 miles of the Connecticut Loop pursuant to the Tape Regulation.

21. The Tape Regulation is a State regulation, not a "requirement of a one-call notification program," and its application to the Connecticut Loop, an interstate pipeline, is therefore preempted by the PSA, 49 U.S.C. § 60104(c).

22. Plaintiff is accordingly entitled to a declaration that federal law preempts any application of the Tape Regulation to the Connecticut Loop and Defendants' threatened enforcement action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests the following relief:

1. That this Court find and declare (a) that the Tape Regulation is not a one-call notification program requirement; (b) that the PSA, 49 U.S.C. § 60104(c), expressly prohibits and preempts the application of the Tape Regulation to any interstate pipeline; and (c) that the PSA, 49 U.S.C. § 60104(c), expressly prohibits and preempts the application of the Tape Regulation to the Connecticut Loop.

2. That Plaintiff be granted such other further relief as this Court deems just and proper.

Dated: June 8, 2018

By: */s/   Elizabeth C. Barton*
Elizabeth C. Barton (ct07660)
*ecbarton@daypitney.com*
Erick M. Sandler (ct25029)
*emsandler@daypitney.com*
Christopher A. Klimmek (ct29977)
*cklimmek@daypitney.com*
Michael L. Miller (ct29137)
*mlmiller@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343

*Attorneys for Plaintiff Tennessee Gas Pipeline Company, L.L.C.*